IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 11-0244

**FILED**

JUN 24 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN RE THE RULES FOR ADMISSION
TO THE BAR OF MONTANA

ORDER

On November 5, 2014, this Court issued an Order circulating for public comment a proposal to re-implement admission to the State Bar of Montana on motion. Following receipt and consideration of extensive public comment, this Court held a duly noticed public meeting on Tuesday, June 9, 2015, at which the Court received additional public comment and engaged in open discussion concerning the propriety of re-implementing admission to the State Bar of Montana on motion, and the requisites to be imposed upon applicants seeking such admission. At the conclusion of these discussions, the Montana Supreme Court voted 6-1 (Justice Michael E Wheat, dissenting) to adopt rules permitting applicants to be admitted to the practice of law in Montana upon motion. The rules adopted by the Montana Supreme Court for admission on motion are attached hereto.

The Court further determined that the rules for admission on motion shall have an effective date of January 1, 2016, allowing time for the State Bar of Montana, working in conjunction with the Montana Supreme Court's Commission on Character and Fitness and Board of Bar Examiners, to implement new rules or amend existing rules so as to accommodate the new rules for admission on motion. Prior to the date of implementation, the Court will consider proposed amendments to the attached rules that the foregoing entities determine to be necessary. The Court will also entertain a proposal to reduce the application

fee for admission on motion for those persons seeking admission to the State Bar of Montana for the purpose of providing legal services to persons in Montana of limited means.

A final Order incorporating any amendments or revisions to the rules for admission on motion shall be issued by this Court prior to January 1, 2016.

A copy of this Order and the attached rule for admission on motion shall be posted on the Court's website. In addition, the Clerk is directed to provide copies of this Order and attachment to the Executive Director of the State Bar of Montana with the request that the Order and attachment be posted on the State Bar's website and published in the next edition of the Montana Lawyer magazine; to the Chair of the Commission on Character and Fitness, the Chair of the Board of Bar Examiners, and the Dean of the University of Montana School of Law.

DATED this 24 day of June, 2015.

_____
Chief Justice

_____

_____

_____
Patricia Cotter

_____
Justices

For the reasons set forth in the comments tendered by those opposed to the reimplementation of admission on motion to the State Bar of Montana, Justice Michael E Wheat dissents from the foregoing Order.

2

# Admission on motion

**A.** An applicant who meets the requirements of this rule may, upon motion, be admitted to the practice of law in Montana if the applicant:

(1) has been admitted by bar examination to practice law in one (1) or more states, territories, or protectorates of the United States of America, or the District of Columbia, and has been admitted to and engaged in the practice of law for at least five (5) of the past seven (7) years preceding application to Montana in one or more states, territories, or protectorates of the United States;

(2) has never been denied certification because of character and fitness to practice law in Montana or any other jurisdiction;

(3) has not, within the five (5) years preceding application under this rule, taken and failed the Montana Bar Examination;

(4) is not now nor ever has been admitted to the practice of law in Montana, unless the applicant voluntarily withdrew or resigned from the bar of Montana while in good standing or practiced under an order of temporary admission issued by the Montana Supreme Court;

(5) has not been previously denied admittance to practice law on application or motion to practice law in Montana or any other jurisdiction;

(6) has not previously engaged in the unauthorized practice of law in Montana or any other jurisdiction;

(7) establishes that the applicant is currently a member in good standing in every jurisdiction where the applicant is admitted to practice law or, if the applicant is not presently a member eligible to practice in a state, territory, protectorate, or the District of Columbia, establishes that the applicant resigned in good standing. An applicant who is disbarred or suspended for any reason from the practice of law in another jurisdiction at the time of filing an application for admission on motion shall not be eligible for admission on motion;

(8) submits evidence of a passing scaled score on the Multistate Professional Responsibility Examination as described in Rule II E 3 of the Rules for Admission to the Bar of the State of Montana;

(9) establishes to the satisfaction of the Commission on Character and Fitness, which may use the National Conference of Bar Examiners character investigation, that the applicant possesses the character and fitness to practice law in this jurisdiction;

1

(10) submits evidence of in-person attendance at the Montana Law Seminar for new Montana bar admittees, before being approved for admission; and

(11) is a graduate of a law school formally accredited by the American Bar Association.

**B. Amendment of application.** Every applicant is required promptly to amend his or her application in the event any of the answers on the application has been affected by intervening conduct or events.

**C. Documents needed.** The following documents shall be furnished with each application, in addition to any and all other information that may be required:

(1) a copy of the certification of moral character and fitness by the Commission on Character and Fitness;

(2) a properly authenticated transcript (sent from the law school) evidencing graduation with a juris doctor or bachelor of laws and letters degree from a law school formally accredited by the American Bar Association;

(3) a certificate of admission, currently valid license to practice law, or certificate of good standing from every jurisdiction where admitted;

(4) a letter from the grievance or disciplinary entity of every state, district, territory, protectorate, province, or foreign country in which the applicant is admitted indicating that there are no disciplinary complaints or charges pending against the applicant;

(5) for any jurisdiction relied upon by the applicant to satisfy the active practice of law durational requirements in this rule, a certificate from the highest court in that jurisdiction certifying that:

(a) the applicant has been eligible to engage in the actual practice of law in that jurisdiction for at least five (5) of the seven (7) years immediately prior to the date of the certificate;

(b) the applicant is in good standing in the bar of that jurisdiction and has not been disbarred, placed under disciplinary suspension, or resigned from that bar while under disciplinary investigation;

(c) the applicant is not the subject of any pending disciplinary complaints or proceedings in that jurisdiction; and

(d) if the applicant has been suspended or disbarred, that the applicant has been duly reinstated; and

(6) an affidavit executed by the applicant describing the applicant's active practice of law for the required durational period in every applicable jurisdiction, which shall include a detailed explanation of how it satisfied the definition of the active practice of law as set forth in Paragraph D of this rule.

## D. Active practice of law defined.

(1) For the purposes of this rule, the "active practice of law" means being actively and continuously engaged in employment in the performance of legal services and may include the following activities if performed or treated as performed while the applicant was admitted in active status; however, in no event shall activities listed under Sub-subparagraphs (e) and (f) of this subparagraph be accepted toward the durational requirement if they were performed in advance of bar admission in the jurisdiction where such activities were performed:

(a) representation of one or more clients in the practice of law;

(b) service as a lawyer with a United States local, state, territorial, or federal agency, including military service with any branch of the United States military;

(c) teaching at a law school formally accredited by the American Bar Association;

(d) service as a judge in a United States local, state, territorial, or federal court of record;

(e) service as a judicial law clerk in a United States local, state, territorial, or federal court of record;

(f) service as in-house counsel provided to the applicant's employer or its organizational affiliates;

(g) service as a lawyer in Montana pursuant to temporary admission by order of the Montana Supreme Court; or

(h) any combination of the above.

(2) "Employment in the performance of legal services" is defined for the purpose of this rule to require that during each of the required five (5) years in the durational period, the

3

applicant spent at least one thousand (1,000) hours per year engaged in one or more of the activities listed above.

(3) The active practice of law shall not include work that, as undertaken, constituted the unauthorized practice of law in the jurisdiction in which it was performed or in the jurisdiction in which the clients receiving the unauthorized services were located.

**E. Application and filing fees.** Any applicant seeking admission to the practice of law on motion shall meet the requirements of Paragraphs A through D of this rule and shall:

(1) file an application for admission on motion, including character and fitness investigation information and all required supporting documents;

(2) pay the non-refundable application fee of $2,500. This application fee includes the Montana attorney application fee, Montana Law Seminar registration, and the first year's bar dues and fees, including fees for the Office of Disciplinary Counsel, Lawyers' Fund fee, and annual attorney license fee, but it does not include the fee for the character and fitness investigation conducted by the National Conference of Bar Examiners. There shall be no refund of, or credit for, this application fee for any reason, including but not limited to denial of admission, withdrawal of the application, or failure to pursue admission after application, regardless of the date of notification by the applicant; and

(3) pay all costs in connection with any investigation and hearings, and bear his or her own costs associated with any application, investigation, and hearing.